BUTLER and another vs. CARNS.

37   61
115   ²640

EXCEPTION. (1) *To whole charge nugatory, unless whole erroneous.*
NEGOTIABLE NOTE. (2, 3, 4) *Void in hands of innocent holder when obtained by false representations as to its character, or when signature a forgery.*

1. A general exception to the whole of a charge is of no avail, unless the whole charge was erroneous.

2. A negotiable note to which the maker's signature was obtained by false representations as to the character of the paper itself, he being ignorant of its true character and having no intention to sign such a paper, and being guilty of no negligence in doing so, is *void* even in the hands of a holder for value, before maturity and without notice.

3. In an action on a negotiable promissory note by one who took it in good faith, for value, before maturity, the answer alleged, 1. That defendant's signature to the note was a forgery. 2. That if such signature was genuine, it was obtained by means of a fraudulent substitution, by the original payees, of the instrument in suit for another instrument, in which defendant had inserted an important condition, and which he supposed himself to be signing; and facts were alleged showing that defendant was not guilty of negligence in the matter.

*Held*, that the court did not err in refusing to charge that under the answer the only question for the jury was, whether the signature to the note was a forgery.

4. The question whether defendant's signature was affixed *negligently* to the note in suit not having been raised at the trial in any manner, and no instruction concerning it having been asked, the mere silence of the court on that subject in its instructions to the jury is not error for which a judgment in defendant's favor will be reversed.

APPEAL from the Circuit Court for *Grant* County.

Action upon a promissory note in the following form:

" $200.      SMELSER, May 4, 1869.      Eighteen months after date, value received, I promise to pay G. Ensign or bearer, two hundred dollars, with interest at ten per cent. until paid, it being the profit of eight machines.                A. CARNS.

" Witness, J. ENSIGN."

The complaint is in the usual form of complaints in actions by the holders of promissory notes against the makers thereof. In addition to a qualified general denial, which is of no importance, the answer of the defendant avers, that if the plaintiffs are the holders of the note described in the complaint, it was obtained from him by fraud and artifice, and is without consideration; that on the day the note bears date, he was called upon by two men, who said their names were Ensign, and who claimed to be the owners of the patent for an agricultural machine, which they had with them and which they showed to the plaintiff, and desired him to act as their agent within certain territorial limits, for the sale thereof; that the defendant consented to act as such agent, on the conditions that the said Ensigns (quoting from the answer) " were to furnish him with the said machines, ready for sale, and he was to sell the same and pay over to the said Ensigns the whole of the profits of the sale of the first eight machines he might sell, that is to say $200, or $25 on each machine, as fast as he sold such machines, or when the whole of them were sold."

The answer then proceeds to allege that thereupon one of the Ensigns drew up and read to the defendant an instrument sim-

ilar to that set out in the complaint, but the defendant refused to sign it, because it did not contain the true contract; that thereupon one of the men prepared another instrument by filling up a printed blank similar to one that was used in drawing the instrument, which the defendant refused to sign, and inserted in it at full length in writing the condition that "the sum of $200, the profit on the said eight machines, was to be payable by the defendant to said G. Ensign only when the machines should be sold;" that defendant carefully read the paper, satisfied himself that such condition was written out at length in it, and expressed himself ready to sign it; and that one of the men gave him pen and ink, and he signed his name to what he then believed and still believes, was the instrument last drawn up, and no other or different one. Then follow these averments :

"That if the said signature is not a forgery, but the genuine signature of this defendant (which he denies), such signature was obtained by means of a fraudulent substitution by said parties, while he was preparing to write his name, of the paper sued on, which he had refused and did not intend to sign, for the conditional agreement or obligation which he was ready and willing and intended to sign, and which he then believed and still does believe that he did sign, or else the said conditional agreement has been altered, and the said condition taken therefrom since he signed the same.

"He further says that the consideration for the said note, agreement or obligation has wholly failed, and the said Ensigns nor either of them nor any other person has furnished this defendant with the said machines nor with any machines whatever in pursuance of said contract and agreement, nor caused any such machines to be furnished to him or to be prepared so that he could procure them.

"That he has never sold any such machines or had one in his possession, and is not indebted to said Ensigns or either of them, or to any person or persons as their assignee, on his said contract with them or otherwise."

It appeared by the evidence that the note sued was transferred to the plaintiffs before it became due, and that they are *bona fide* holders thereof for value.

The testimony, although conflicting, tends to support the foregoing allegations of the answer. On the trial, the defendant denied under oath that he signed the note upon which the action was brought. The court refused to give two instructions asked for on behalf of the plaintiffs. They are as follows:

" Under the second defense set forth in the answer, the only question for the jury to pass upon is whether the signature of the defendant to the note is genuine or a forgery. Under the law, the mere production of the instrument signed by the defendant would make a *prima facie* case for the plaintiffs, unless the signature was denied under oath by the defendant ; and in cases where the execution, signing and delivery of a note is contested or denied, or attempted to be denied, by a party, as in this case, it is the peculiar province of the jury to carefully weigh the testimony and find for the party in whose favor it preponderates ; and if the jury in this case believe that the weight, or in other words the preponderance of testimony, is in favor of the plaintiff's claim that the signature of the defendant is genuine, then it is their duty to find for the plaintiffs.

" Fraud is never to be presumed, but must be proven by competent evidence, and then the party seeking to take advantage of the fraud as a defense must not only show, first, that he was misled, but, second, that he was injured thereby ; and even then it would not affect the title to negotiable paper, purchased by a third party for value, without notice of the fraud. Therefore in this case, even if the jury believe that there was fraud or misrepresentation used to obtain the note in controversy, yet the defendant must not only satisfy them by competent testimony that he was misled as well as injured by the fraud and misrepresentation, but also that the plaintiffs had notice of the fraud before their purchase of the note in question."

Due exceptions were taken to the refusal of the court to give

such proposed instructions to the jury. The circuit judge, of his own motion, charged the jury upon the law of the case, and an exception was taken to the charge as follows : " To all of the above charge of the court, the plaintiffs, by their attorneys, then and there, before said jury retired to their room, in writing duly excepted in open court."

The jury found for the defendant ; a motion for a new trial was made and denied ; and judgment was duly entered pursuant to the verdict. The plaintiffs appealed from such judgment.

*A. W. Bell,* for appellants, argued that there was no evidence. tending to show fraud in the inception of the note, and the only question was, whether the note was forged ; that, if the respondent signed a different contract from what he intended to sign, it was his own laches, and he should suffer instead of the plaintiffs. 1 Story's Eq. Jur., §§ 64, 109, 153, 165, 434 ; *Everts v. Agnes,* 4 Wis., 354 ; *S. C.,* 6 id., 453. Even if there were fraud in obtaining the note, the plaintiff should recover. Edwards on Bills, 56, 57 ; *Swift v. Tyson,* 16 Peters, 1. The whole charge of the judge was erroneous, in assuming to be testimony what is not in the case, and in instructing the jury that the signature being denied, the plaintiff to recover *must show* that the signature was genuine. He should have charged that preponderance of evidence was sufficient to show it. *Washington Ins. Co. v. Wilson,* 7 Wis., 171 ; *Small v. Sloan,* 1 Bosw., 352 ; *Wright v. Hardy,* 22 id., 348 ; *Boothby v. Scales,* 27 id., 626.

*Wm. E. Carter,* for respondent, argued, that the court below ruled correctly in admitting the evidence of *Carns* as to the manner in which the note was obtained from him. The defendant might show that the note was obtained from him by fraudulent substitution, or by false representations as to its character or contents, as this would vitiate the note in the hands of an innocent holder. *Foster v. McKinnon,* 38 L. J. R., 310 ; *Whitney v. Snyder,* 2 Lansing, 477 ; *Walker v. Ebert,* 29

Wis., 194; *Kellogg v. Steiner*, id., 626; *Gibbs v. Linabury*, 22 Mich., 479; *Taylor v. Atchison*, 54 Ill., 196; *Briggs v. Ewart*, 51 Mo., 245. The court properly refused the instructions asked, as they assumed that the facts set up by the answer constituted no defense, and that no issue was tendered but that upon the genuineness of signature. The exception to the instructions given is general to the whole charge, and presents no question for review if any portion of the charge is correct. That part of it which instructs the jury that, if the defendant "neither signed the note nor authorized his name to be signed to it," the plaintiffs cannot recover, is certainly good law. But there is no error, unless it be that the court assumes as matter of law that defendant was not negligent in suffering the paper to be obtained from him, if his signature was genuine. To this the answer is, that the question whether a given state of admitted facts constitutes negligence is one for the court. *Bellefontaine R'y Co. v. Hunter*, 33 Ind., 335; *The Toledo & Wabash R. R. Co. v. Goddard*, 25 id., 185; *Dascomb v. Buffalo & State Line R. R. Co.*, 27 Barb., 221; *Butterfield v. The Western R. R. Co.*, 10 Allen, 532; *Nicks v. Town of Marshall*, 24 Wis., 139; *Gonzales v. N. Y. & H. R. R. Co.*, 38 N. Y., 440; *Greenleaf v. R. R. Co.*, 29 Iowa, 14. The defendant was not negligent, as shown by the proofs. *Taylor v. Atchison, supra.*

LYON, J. 1. The general exception thereto taken on behalf of the plaintiffs is not sufficient to authorize us to review the charge given by the judge to the jury. It is only when the charge is wholly erroneous that such an exception is available, and such is not the character of the charge in this case. *Eldred v. The Oconto Co.*, 33 Wis., 133, and cases cited.

2. Were the instructions proposed on behalf of the plaintiffs, and not given, properly refused? The first of these assumes that the only question raised by the answer is, whether the signature to the note in suit is genuine or a forgery. This is an entire misconception of the scope of the answer. In addition

Butler and another vs. Carns.

to the question of the genuineness of the signature, it raises the further question, whether, if genuine, it was not obtained by fraud as to the character of the paper itself, under circumstances which render such fraud an available defense to an action on the note brought by a *bona fide* holder thereof before due, for value.

The theory of the other proposed instruction is, that no fraud in the inception of the note can operate to defeat a recovery upon it, unless the plaintiffs had notice thereof before they purchased the note. This theory is in direct opposition to the decision of this court in *Walker v. Ebert*, 29 Wis., 194, where it was held that " a note to which the maker's signature has been obtained by false representations as to the character of the paper itself, he being ignorant of its true character and having no intention to sign such a paper, and being guilty of no negligence in doing so, is void, even in the hands of a holder for value, before maturity and without notice." See also *Kellogg v. Steiner*, id., 626.

We conclude that both of the proposed instructions were properly rejected.

3. If the signature to the note in suit is genuine, the question whether the defendant affixed it thereto negligently might have been made a material one in the action. But that question was not raised on the trial in any manner, and hence no instruction concerning it was given or refused. The trial seems to have been conducted on the theory that the question of negligence was not in the case. Had the learned circuit judge been requested so to do, he would doubtless have stated the law on that subject to the jury in accordance with the decisions of this court. Under the circumstances his silence is not error.

*By the Court.* — The judgment of the circuit court is affirmed.