## LLOYD v. BEADLE ET AL.

1. **Practice:** BILL OF EXCEPTIONS: JUDGMENT IN VACATION. Where, by agreement of the parties, a verdict is returned and judgment rendered in vacation, the bill of exceptions must be presented at the time the judgment is rendered, or within the time which may be stipulated for, and it cannot be presented afterward if the adverse party objects.

*Appeal from Howard Circuit Court.*

MONDAY, JUNE 19.

THE facts are sufficiently stated in the opinion.

*H. T. Reed* and *James O. Crosby*, for appellants.

*C. P. Brown* and *G. W. Patterson*, for appellee.

SEEVERS, CH. J.—The parties agreed that the clerk should receive the verdict of the jury after the adjournment of the court for the term, and that the cause should stand continued for further proceedings. On the 8th day of June, 1874, the defendants filed a motion to set aside the verdict and for a new trial. By consent this motion was to be decided by the judge in vacation, and either party was to have twenty days after the entry of judgment to prepare and file a bill of exceptions.

The decision of the judge on said motion was received and entered of record by the clerk on the 15th day of September, 1874. An appeal was perfected on the 12th day of October, and on November 30th, 1874, being the first day of the November term of court, and before the records of the June term had been signed by the judge, the defendants filed a motion, supported by affidavit, for an order granting leave to defendants to make and file a bill of exceptions, as of the 5th day of October, 1874, which, against plaintiff's objection, was allowed by the court and a bill of exceptions accordingly signed. Up to this time the record fails to disclose any exception of any kind, and the appellee now insists that there is no bill of exceptions and consequently no evidence before the court that any errors were committed in the trial below.

Section 2831 of the Code provides: " The party objecting to the decision must object at the time the decision is made and at once present his bill of exceptions; unless the court *or* adverse party object he may have time to do so, not extending beyond the term." In this case the decision was made in vacation, and if there had been no agreement the bill of exceptions should have been presented at once. Instead of being compelled so to do, it was agreed that it might be presented at any time within twenty days after the decision, which time expired on the 5th day of October. The bill of exceptions signed was not presented until November 30th. It will be noticed that the Code provides that the bill must be presented at once, that is, immediately or soon after the decision is made, and unless the court *or* adverse party object time may be given, not extending beyond the term. If time, however,

is given beyond the term, we incline to think the party should be estopped from thereafter objecting, but that point is not before us and it is unnecessary to determine it.

When parties agree to have decisions made out of term time, they must either present their bill of exceptions when the 1. PRACTICE: decision is made, or stipulate for time to do so, bill of excep- tions: judg- and when the latter is done the bill must be pre- ment in vaca- tion. sented within the time stipulated for. Such is the plain and explicit language of the Code and it cannot be disregarded, where a party insists upon his legal rights. The court would be strongly disposed to disregard the objections now made, but feels bound by the statute; no discretion is left us. It may be said that the affidavit filed in support of .the motion is not before the court, and therefore it is impossible to ·tell the reasons that induced the court to grant the motion and sign the bill of exceptions. In the state of the record, we think the burden is on the appellants to show that the discretion (if any it had) of the court was properly exercised. Besides this, the additional time was allowed against the objection of the appellee. It is, therefore, difficult to see where or how there was any discretion to be exercised by the court, as the objection of the party alone was fatal to the grant of additional time to present the bill. *St. John v. Wallace*, 25 Iowa, 21.

AFFIRMED.

### ON REHEARING.

SEEVERS, CH. J.—A petition for a rehearing having been presented, it becomes our duty to consider the objections to the opinion heretofore filed made therein. A careful reading of the opinion will disclose that it is based on the fact there was no bill of exceptions, and that therefore there was nothing before us on the defendants' appeal. We did not consider, much less determine, ·the errors assigned by the plaintiff on his appeal.

It is objected that the opinion ignores the fact that exceptions were taken to the refusal to give certain instructions asked by the defendants, and to the giving of certain instructions by the court, but as all these instructions are based on

the evidence, it is impossible for us to find the action of the court in giving or refusing the instructions constitutes error, unless the evidence, or at least a statement of what it tended to prove is before us.

It is also urged that the defendants asked the court to propound certain special interrogations to the jury, which the court refused and defendants excepted thereto. In the absence of the testimony before the court and jury, it is impossible for us to say whether there was prejudicial error in this action of the court or not. Besides this the court, on his own motion, propounded interrogations to the jury which, in the absence of any showing to the contrary, we must presume covered the whole ground.

It is claimed that all the testimony was taken down by a short-hand reporter and filed with the clerk, and it is insisted such evidence, so taken down and filed, becomes a part of the record. Unfortunately, however, it is not shown in the abstract that the evidence so taken down is contained in the abstract. The petition for a rehearing must, therefore, be

OVERRULED.