HAHN v. MILLER.

1. **Practice**: BILL OF EXCEPTIONS: TIME OF FILING: STATUTE CONSTRUED. Where plaintiff was allowed by the court sixty days in which to *settle* a bill of exceptions, *held* that, under section 2831 of the Code, the bill must not only be *settled*, but *filed* also, within the sixty days, and that, when filed at the latter date, it must, on motion of the defendant, be stricken from the record.

2. ———: JURY: READING OF EVIDENCE TO: AGREEMENT OF PARTIES. Where, at the request of the jury, and by the agreement of the parties after the case was submitted to the jury, the reporter was permitted by the court to read to the jury such portions of the testimony as the jury desired, and the reporter proceeded within the spirit of the agreement of the parties, *held* that the defendant, having consented to these proceedings, could not afterwards be heard to complain of them.

3. **Jury**: BEHAVIOR OF DEFENDANT TOWARDS: PLAINTIFF ESTOPPED. The jury were taken to view the *locus in quo*, and, on their return, the defendant and counsel on both sides of the case rode in the same sleigh with the jury: *held* that, as plaintiff made no objection to the defendant's thus riding with the jury at the time when he might have prevented

it, he could not be heard to urge it afterwards as a ground for setting aside the verdict.

4. **Instructions**: ERROR WITHOUT PREJUDICE: PLAINTIFF ESTOPPED. Where the plaintiff asked the court to instruct the jury upon a point of law not relevant to the issues in the case, he cannot now be heard to complain that the court did instruct on that point; neither can he be heard to complain that such instructions did not properly state the law, since there were no facts in the case to which the jury could apply such instructions, and the errors, if any, therein contained, could not have prejudiced plaintiff's case.

5. **Practice in Supreme Court**: ERRORS NOT ASSIGNED. Errors not assigned will not receive the attention of this court.

*Appeal from Muscatine District Court.*

THURSDAY, DECEMBER 7.

ACTION at law to recover damages resulting from a nuisance, and asking for an abatement thereof under Code, section 3331. There was a judgment upon a verdict for defendant; plaintiff appeals.

*D. C. Cloud*, for appellant.

*J. Carskadden* and *Hoffman, Pickler & Brown*, for appellee.

BECK, J.—I. Defendant moved to strike from the record and abstract the bill of exceptions, upon the ground that it

1. PRACTICE: bill of exceptions: time of filing: statute construed. was not filed in the District Court and made a part of the record within the time required by law. It is shown by the abstract that judgment was rendered in the court below on the 18th day of May, 1881, and the plaintiff was allowed sixty days in which to settle the bill of exceptions. It is made to appear by a certificate of the clerk that the District Court adjourned on the 21st of the same month. The bill of exceptions was signed by the judge on the 15th and filed on the 22d day of July following. The filing, it will be observed, was after the time prescribed by the court "to settle" the bill of exceptions. Code, section 2831, requires "a bill of exceptions to be filed during

Hahn v. Miller.

the term, or within such time thereafter as the court may fix; but in no event shall the time extend more than thirty days beyond the expiration of the term, except by consent of the parties or by order of the judge."

The requirements of this statute are absolute, and we possess no authority to disregard them. The statute requires the bill of exceptions to be filed within the time prescribed by the order of the court or agreement of the parties. Before filing, it must be settled. It is not unreasonable, we think, to hold that extension of time for settling a bill of exceptions would extend correspondingly the time for filing. If this be so, defendant had the sixty days in which to file the exceptions, but no longer; if it be not so, time was not extended beyond the term. In either view, the bill of exceptions was not filed in time. It must, therefore, be stricken from the record. See *Lloyd v. Beadle et al.*, 43 Iowa, 659; *Lynch v. Kennedy*, 42 Id., 220; *St. John v. Wallace*, 25 Id., 21.

*Bennett v. Davis*, Morris, 363; *Humphry v. Burge*, 1 G. Greene, 223; *Claggett v. Gray*, 1 Iowa, 19, and *Jones v. Hockman*, 12 Iowa, 101, were decided under statutes prescribing the time within which bills of exceptions should be allowed and filed. These statutes differ from the one now in force. See Revised Statutes 1843 (Blue Book) page 472, § 19; Code 1851, §§ 1805, 1806; Revision 1860, § 3106.

II. The jury, after the case was submitted to them, sent a written request to the effect that the reporter be permitted to read to them from his notes the testimony of certain witnesses. The record shows that the parties consented "that the reporter should read such portions of the testimony as the jury desired. Thereupon the reporter did go before the jury and read the minutes of such portions of the testimony as he was requested to read, and which he thought were in response to the questions asked him by the jury. The defendants complained of the action of the reporter, which was one of the grounds for a motion for a new trial. The record shows that the reporter proceeded

2. ——:jury: reading of evidence to: agreement of parties.

within the spirit of the agreement of the parties under which he acted. The defendants having assented to these proceedings cannot now complain of them.

III. The jury were taken to view the *locus in quo*. In the motion for a new trial plaintiff complains of misbehavior of the defendant, alleging that he rode in the sleigh with the jury upon their return, and pointed out the course of a creek, and that he offered in the presence of the jury to have a witness point out the premises, which plaintiff's counsel declined. The evidence upon the motion fails to show anything further than that defendant rode with the jury and counsel on both sides of the case, but the allegation that he said anything to the jury, or in their hearing, is not sustained. Without the consent of the other party or his counsel, possibly he ought not to have ridden in the sleigh, but as no objection was made at the time by plaintiff, when he could have prevented the act, we think it ought not now to be urged as a ground for disturbing the verdict.

3. JURY: behavior of defendant toward: plaintiff estopped.

IV. The seventh instruction upon the court's own motion, and the second and third given upon request of defendant, are objected to on the ground that they announce incorrect rules relating to the right of a land-owner to divert and change the course of the surface water. We need not inquire into the correctness of the rules, for the reason that the issues in the case did not involve the diversion of surface water. The petition seeks to recover for the diversion of a "natural stream or water course with regularly defined banks or channels through which it has *continually* flowed for more than ten years past. There is no claim for changing the flow of surface water, and plaintiff is not entitled to recover therefor upon the pleadings in the action. The instructions, therefore, if incorrect, could have worked no possible prejudice to plaintiff.

4. INSTRUCTION: error without prejudice: plaintiff estopped.

For the same reason, plaintiff cannot complain of the refusal to give an instruction upon the same subject requested by

him. The verdict will not be disturbed on the ground that instructions given pertain to an issue not in the case, for the reason that plaintiff asked an instruction upon that issue, thus leading the court to give instructions upon it.

V. The second instruction given upon the court's own motion is complained of by plaintiff's counsel. No assignment of error being based thereon, it cannot be urged upon our attention.

5. PRACTICE in supreme court : errors not assigned.

VI. It is insisted that the second and third instructions given upon defendant's motion are in conflict with the first given upon plaintiff's request. We discover no conflict between them. Those first named relate to the right of a landowner to divert surface water, the other relates to a stream of water. The instructions claimed to be in conflict relate to different subjects.

VII. As the evidence is stricken from the record, we cannot consider the position of plaintiff's counsel that the verdict is in conflict therewith.

The foregoing discussion disposes of all questions which can be considered in view of the condition of the record.

AFFIRMED.