## BOWERS vs. THOMAS, imp.

*February 9 — March 3, 1885.*

*(1) Evidence: Instructions to jury: Amendment of pleading. (2)*
*Promissory note: Signature fraudulently obtained.*

1. Evidence tending to establish a defense not set up in the answer, if admitted without objection, should be submitted to the jury with proper instructions, and, if necessary, the court should direct the answer to be amended to conform to the defense made.
2. If one who is unable to read is induced to sign a note for a certain sum by false and fraudulent representations that it is for a smaller sum, and is guilty of no negligence in so doing, he is not liable upon the note even to a *bona fide* holder thereof.

APPEAL from the County Court of *Dodge* County.

The case is stated in the opinion. The defendant *William Thomas* appealed from a judgment in favor of the plaintiff.

For the appellant there was a brief by *Lander & Lander* and *C. A. Stark,* and oral argument by *Mr. H. W. Lander.*

For the respondent the cause was submitted on the brief of *F. Hamilton & Son.*

TAYLOR, J. This is an action to recover of the appellant the amount of a promissory note for $180, which it is alleged he executed on the 8th of April, 1878, payable to the respondent or order, one year after date, with interest at ten per cent. The answer of the appellant puts in issue the execution of the note by him.

On the trial the appellant, as a witness in his own behalf, testified that he was a farmer; could not write his own name; could not read or write English; that he did not, on the 8th day of April, 1878, or at any other time, sign a note for $180, with William Jones and Owen Jones, or with William Jones alone; that he never authorized any one to sign his name to a note for $180; that it never was done at his request nor by his consent. On his cross-examination

he testified : "I signed a note for $100. The note I signed was read over to me by Owen F. Jones in English. I can understand English. I signed a note with William Jones years before the last one. I never signed more than two notes when William Jones's name was to them. The first one was for $100. That was years before this. I never had to pay it. I sign notes by making . my mark. I am sixty-four years old; my health feeble for more than four years."

The following is a copy of the note upon which the action was brought:

"RANDOLPH, DODGE Co., WIS., April 8, 1878.

"Twelve months after date, for value received, we promise to pay to John Bowers, or order, one hundred and eighty dollars, with interest at the rate of ten per cent. per annum after . . . , until paid — payable at Randolph, Dodge Co., Wis.                         "WILLIAM JONES,

"Owen F. Jones,

"WILLIAM ⋈ THOMAS."

The evidence on the part of the plaintiff shows that the note was made for the benefit of Owen F. Jones, to whom it was delivered, and he sold it to *Bowers*, the plaintiff. William Jones is the father of Owen F. Jones, and in his evidence he attempts to explain why the name of Owen F. Jones was erased from the note. He says that *Thomas*, the appellant, refused to sign a note with his son, Owen F., but said he was willing to sign with him, William Jones. William Jones says Owen F. wrote his (William's) name to the note, his own name, and the name of the appellant, and that *Thomas* made his mark · after his name was written by Owen F. This witness was seventy-two years old; says the note was for eight per cent., and for $180, and that the note was read over to them by his son, Owen. Several witnesses testified on the trial that neither of the names of the makers of the note given in evidence was in the handwriting of

Owen F. Jones.   Owen F. Jones was ·not a witness on the trial of the action.

Upon this evidence the appellant, among other things, requested the learned county judge to give the jury the following instructions:

"1. If you shall find from the evidence that the defendant *Thomas* did authorize Jones to sign his name to the note in question, and that at the time he authorized the same to be signed, it was represented to him and he believed it was a note for $100, and that he was unable to read or write the English language, and that he was ignorant of the fact that the note had been drawn for $180, and that he had no intention of signing a note for that amount, and was guilty of no negligence in not knowing the exact amount of said note, then he is not bound by it, and is not liable thereon to any one.

"2. If the signature of the defendant *Thomas* to the note in question was obtained upon a false representation as to the amount thereof, and the defendant signed it without knowing the amount, and under the belief that it was for the sum of $100, and was not guilty of any negligence in so signing them, he is entitled to a verdict in his favor.

"3. If the signature of the defendant to the note was obtained by fraud as to the amount thereof, he believing it to be for the sum of $100, when in fact it was for $180, and the defendant was ignorant of that fact, and he had no intention of signing a note for $180, and was guilty of no negligence on his part, and he being ignorant of the true character of the note, and had no intention of signing a note for $180, then he is not liable therefor, and the note is void even in the hands of a holder for value before maturity and without notice.

"4. If you shall find that the note in question was misread to the defendant *Thomas*, and he signed it when he was told

and believed that he was signing another and a different one in amount, and he was guilty of no negligence, your verdict must be for the defendant."

The learned judge refused the instructions asked, and exceptions were duly taken. No equivalent instructions were given by the learned judge. He submitted the case to the jury as though the only question for them to determine was whether the appellant " signed or affixed his mark, or authorized Owen Jones to sign his name, to the note in question;" and he wholly ignored the question whether such signature was obtained by the fraudulent representations of Owen, and by his misreading it to him, and inducing him to sign it, believing it to be a note for $100 instead of a note for $180. The verdict of the jury upon the evidence clearly indicates that such must have been their understanding of the instructions of the court, as it seems to me that if they had been called upon to pass upon the questions asked to be submitted by the instructions requested by the appellant, the verdict would probably have been for the appellant.

I gather from the whole charge given, as well as from the argument of the learned counsel for the respondent made in this court, that the learned county judge probably declined to give the instructions requested, not because they were not good law, if the questions sought to be raised by the instructions were within the issues made by the pleadings, but because, as he understood it, the only issue made by the pleadings was whether the appellant had authorized his name to be subscribed to the paper produced on the trial purporting to be signed by him as his note. Without determining whether the only issue made by the pleadings was the fact of his signing the note, we think the learned judge erred in refusing to submit the questions asked by the instructions, because the appellant on the trial, without objection on the part of the respondent or his counsel, gave evidence which, if found true by the jury, was a full defense to the action, even

though he might have directed Owen F. Jones to sign his name to the paper produced in court as his note.

The evidence being in the case, without objection that it was incompetent under the pleadings in the case, cannot be excluded from the consideration of the jury. Had the objection been made in time, and had the court intimated that it was not admissible under the pleadings, the appellant would probably have asked and been permitted to amend his pleadings, so as to render the ·evidence competent. Having the evidence before the jury without objection, the court, if necessary, should have directed an amendment of the pleadings, so as to conform to the defense made. *Flanders v. Cottrell*, 36 Wis. ·564; *Stetler· v. C. & N. W. R'y Co.* 49 Wis. 613; *Marschuetz v. Wright*, 50 Wis. 175, 178. Considering the evidence of the defendant as to the circumstances under which he signed the note in question (if he did in fact sign it or direct Owen F. Jones to sign his name. thereto) as properly before the court and jury for their consideration, it is well settled by the decisions of this court that the appellant was entitled to have the instructions asked given to the jury. *Walker v. Ebert*, 29 Wis. 194; *Kellogg v. Steiner*, id. 626; *Butler v. Carns*, 37 Wis. 61; *Chipman v. Tucker*, 38 Wis. 43; *Roberts v. McGrath*, id. 52; *Roberts v. Wood*, id. 60; *Griffiths v. Kellogg*, 39 Wis. 290; *.Taylor v. Atchison*, 54 Ill. 196; *Wait v. Pomeroy*, 20 Mich. 425; *Burson v. Huntington*, 21 Mich. 415; *Whitney v. Snyder*, 2 Lans. 477. Under these authorities, if the jury had found the fact as testified to by the defendant, there can be no doubt that the verdict should have been in his favor.

The instructions asked were well guarded, so as not only to present to the jury the fact as to whether the appellant was misled by the false reading of the note by Owen F. Jones, but so as to present the other question, viz., negligence on the part of the appellant in signing the note without first taking proper caution to ascertain what was the

exact nature of the paper signed by him. The instructions asked could have been properly given under the rule laid down by the courts in *Chapman v. Rose*, 56 N. Y. 137; *Redlich v. Doll*, 54 N. Y. 234; *Michigan Bank v. Eldred*, 9 Wall. 550; *Garrard v. Haddan*, 67 Pa. St. 82; *Putnam v. Sullivan*, 4 Mass. 53; *Douglass v. Matting*, 29 Iowa, 498; *Rainbolt v. Eddy*, 34 Iowa, 440; *Caulkins v. Whisler*, 29 Iowa, 495.

The facts proved in this case were, we think, sufficient to negative any want of reasonable care on the part of the appellant. The evidence shows he could not read the instrument he was called upon to sign; the other signer was the father of the person for whose benefit the note was made, and he could not read it; but he was a man in whom the appellant had confidence. The only other person present when the note was signed was the son, for whose benefit the note was given. Under this evidence, it seems to us that it was clearly a question of fact for the jury whether the appellant was chargeable with any negligence in signing the note in question, without taking further measures to ascertain the nature of the contract he was signing. *Butler v. Carns*, 37 Wis. 61, 67; note to *Walker v. Ebert*, 29 Wis. 201, 202.

We think the learned county judge erred in refusing the instructions asked by the appellant and quoted in this opinion.

*By the Court.*— The judgment of the county court is reversed, and the cause is remanded for a new trial.