| 93 | 83 |
| 109 | 457 |
| 109 | 584 |
| 93 | 83 |
| 110 | 574 |
| 93 | 83 |
| 118 | 562 |

# CLAUS LIGHT v. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

**Negligence: Railroads:** JURY QUESTION. Two witnesses for defendant said a car had hand hold and stirrups. One of them showed on cross-examination that he knew nothing about it. Plaintiff saw none on the car. The other section men do not appear to have seen any. No one got on the car by using said aids. *Held,* their existence was a jury question.

SAME. It was the duty of those in charge not to start till the men were aboard. Plaintiff was on the deadwood attempting to get on the car when it was started without signal. He was injured because his foot slipped. This slip the signal could not have prevented. *Held,* it was a jury question whether timely warning would not have caused plaintiff to get in a safe place.

CONTRIBUTORY NEGLIGENCE. Plaintiff was not bound to know by reason of his employment, that the coal car had a stirrup and hand hold, especially where it appears that most of defendant's coal cars were not so equipped.

SAME: OBEYING ORDERS. Defendant had no right to assume that plaintiff would stay on the foot hold, a place of safety, when he had been ordered to board the car.

**Practice: Instructions:** WAIVER. Defendant cannot complain that the question whether the engine was started with a jerk was submitted without evidence to base it on, where such fact is pleaded by plaintiff, and defendant asks an instruction that it is for the jury to decide whether plaintiff's injury was caused by negligence in defendant's moving and conducting the engine.

CONSTRUCTION. In the light of the evidence, a charge that defendant must wait until plaintiff had boarded the car, means only, that it must wait only a reasonable time.

**Practice in Supreme Court:** MISCONDUCT. Misconduct of a juror will not be reviewed where the evidence as to its existence is conflicting.

AFFIDAVITS. In order to take advantage from the fact that a juror has, in advance, formed or expressed an opinion, it must appear of record that the juror was examined as to this. A showing by affidavits is not sufficient.

*Appeal from Dallas District Court.*—Hon. J. H. Henderson, Judge.

Tuesday, December 18, 1894.

Action for damages resulting from a personal injury. Verdict and judgment for plaintiff. Defendant appeals.

Plaintiff says that the injury of which he complains was caused without his fault or negligence, and avers that it was produced as follows: "That on or about the 11th day of March, 1892, and while the plaintiff was in the employ of defendant, engaged in the service of unloading cars of coal for said company on its line of railway, and while it was the duty of said plaintiff, under said employment and his orders from defendant, to go aboard a certain coal car in said yard, for the purpose of unloading the same at defendant's pump house, situated on its line about one-half mile west of said yards, to which car an engine was attached for the purpose of moving the same, with plaintiff and his colaborers, to said pump house, and while the plaintiff, in obedience to said orders from defendant, was, without fault on his part, in the act of getting on said coal car, the defendant and its employes in charge of, and running and operating, said coal car, and engine thereto attached, wrongfully, negligently and without warning or signal started said engine and car, and negligently and unskillfully started the said engine and car, as aforesaid, with a sudden and a violent jerk, thereby jamming and crushing plaintiff's foot between the deadwood and drawbar of said coal car." Defendant denied generally, and pleaded that the injury was caused by plaintiff's own negligence. The case was tried to a jury, and from a verdict and judgment for plaintiff defendant appeals.—*Affirmed.*

*Cardell & Nichols* and *Wright & Baldwin* for appellants.

*Shortley & Harpel* for appellee.

Kinne, J.—I.   The facts established by the evidence are:   That plaintiff was a section hand in the employ of the defendant company; that he was ordered by the section foreman to go, with other employes, and get upon a coal car which was to be switched about a half mile west, in the yards of the company, at Perry, Iowa, to the pump house, to be unloaded.   The car of coal was pushed down in the yards to a point some one hundred and fifty feet from plaintiff, and stopped for the men to get on.   Part of the men had got on top of the coal car, and some of them were still on the footboard of the engine.   While plaintiff was standing with his foot upon the deadwood, and in the act of getting upon the coal car, the engine was started, causing plaintiff's foot to slip down from the deadwood between the lip of the drawbar and the deadwood, where it was crushed.   It is charged that the engine was negligently started without any warning or signal, also that defendant's employes negligently started the engine and car with a sudden jerk.   As to the last allegation of negligence, it was not established by the testimony, nor, as we understand the instructions, was that question submitted to the jury.   As to the starting of the engine and car without giving a signal or warning, the evidence is conflicting.

II.   The court told the jury that the defendant was charged with "wrongfully and negligently, and without warning or signal, started said engine and car, negligently and unskillfully," and it is claimed that he thereby consolidated the two charges of negligence,—

that is, the starting without giving a signal and starting with a jerk. The fifth instruction is claimed to be open to the same criticism. It may be conceded that there was no evidence as to the engine being started with a sudden jerk which warranted the submission of that question to the jury. We think the contention of appellant is rather technical. As we view the matter, neither in the instruction nor statement of the issues was the question submitted to the jury as to the alleged negligence in starting the engine with a jerk. But there is good reason for holding that even if the statement and instruction are open to the complaint made, defendant is in no position to avail itself of that fact. Defendant asked an instruction as follows: "You are instructed that the questions upon which the defendant's liability depends are—First, was the injury to plaintiff, if any, occasioned through the negligence of the defendant in the moving and conducting of said engine and car?" It will be observed that this instruction, which the court refused to give, embraced all the acts of negligence pleaded, and the very matter now complained of; hence, having insisted by offering this instruction that it was correct, the defendant cannot now be heard to complain if the court erroneously adopted its view, even though it be true that thereby the court submitted a matter to the jury as to which there was no evidence. *Smith v. Railroad Co.*, 38 Iowa, 173; *Weller v. Hawes*, 49 Iowa, 45; *Campbell v. Ormsby*, 65 Iowa, 519.

III. The seventh instruction was as follows: "When the plaintiff, with others, was directed to go with the coal car to the pump house, it was the duty of those in charge of the switch engine to wait until the plaintiff had boarded the car, or placed himself in some other safe position, before starting the

engine; and if the engine was started negligently, as alleged, before the plaintiff got aboard of the car, or in a safe place, and that by reason thereof, with no fault of his own, he was injured, then the defendant is liable for the injury caused thereby." It is said that this imposed upon the defendant the duty of waiting the pleasure of plaintiff in getting upon the car; that under it he would be justified in delaying any length of time; and that no obligation rested upon the plaintiff. Taken as a naked proposition, the instruction, so viewed, would not be correct. But instructions must be considered in the light of the evidence to which they are supposed to be applicable. It was not the duty of defendant to wait for an indefinite length of time for plaintiff to mount the car; but it was its duty to wait at least a reasonable time for him to do so, having in view the circumstances, including his distance from the car. As applied to the facts as disclosed in evidence, the instruction could not have worked any prejudice to defendant. There is no claim that plaintiff unreasonably or improperly delayed in getting on the car. The evidence, without conflict, shows that he did not delay or stop, but went right along as speedily as could have been expected. Defendant's witness testified that it was the duty of those having charge of the train not to start it until the section foreman had his men all on board. In any view, the error, if any, was harmless.

IV. The eighth instruction given by the court to the jury is as follows: "If there was a stirrup and a hand hold on the car, provided for the purpose of enabling the employes of the defendant to get on the said coal car, and the plaintiff knew that the stirrup and hand hold were on the coal car, or, in the exercise of ordinary care and diligence, would have known it, then it was his duty to have boarded the car by the use of the stirrup and the hand hold; and if,

under such facts, he failed to do so, he cannot recover in
this action." It is insisted that plaintiff, from the
nature of his employment, was bound to know whether
or not there was a hand hold and stirrup on the coal car.
If it should be conceded that such a rule should apply
in case it appeared that the defendant's coal cars gener-
ally were thus equipped (a point not decided), still there
would be no sound reason why such a presumption
should arise against plaintiff as to cars being so
equipped when, as in this case, it appears without con-
flict that most of defendant's coal cars were not fur-
nished with a hand hold and stirrup. If it be said that
plaintiff should be held to be presumed to be conversant
with the usual manner in which defendant's coal cars
were constructed, it would not follow that he should
be presumed to know that a few cars were constructed
different from nearly all of defendant's coal cars, and
that some of these exceptional cars might afford him a
safer way of boarding them than those generally used.
Nor is it clear as to whether this car was defendant's
or a foreign car. It would seem to have been the lat-
ter. However, that fact may not be of controll-
ing importance. It is claimed that the court
erred in leaving the jury to determine as to
whether this car in fact had a hand hold and stirrup,
and there was no dispute as to that. Two of defend-
ant's witnesses testified that this car was equipped with
a hand hold and stirrup. One of them upon cross
examination showed that he knew nothing about it.
Plaintiff saw no such things on the car, nor does it
appear that any of the section men did. It is shown
by positive evidence that no one got on the car by using
such aids, and under all of the circumstances it was
properly left to the jury to say whether the car was
thus equipped. The instruction was quite as favor-
able as defendant was entitled to.

V.   The verdict is claimed to be contrary to the evidence and instructions.   It is contended that plaintiff was guilty of contributory negligence in not using the hand hold and stirrup, and in attempting to get upon the car as he did.   The jury may have found that the car was not furnished with a hand hold and stirrup, or that, if it was, the plaintiff did not know of it. It is also said that defendant had a right to suppose that plaintiff would stay upon the footboard, which was a place of safety.   But the evidence is that plaintiff was ordered to get upon the car.   That did not mean the footboard of the engine.   From the fact that he had been told by his foreman that he was to help unload the car of coal, he may have well understood that that was the reason the foreman wanted him on top of the car.   However that may be, he was simply obeying the orders of his superior in attempting to mount the car.   Some of the other men got upon the car.   As to signals, as we have said, the evidence is conflicting, but there is sufficient from which the jury might have properly found that no signal was given in time to afford plaintiff an opportunity to get into a place of safety.   The evidence shows that the footboard was a proper place for plaintiff to get on, but it does not appear that he was not justified in attempting to obey orders, as he did.   Whether he was negligent, under all of the circumstances, was a question for the jury, and properly submitted to them.   The evidence on the part of the defendant showed that it was the duty of the man in charge of the engine and car to stand there, and not move, until the men were aboard, and in places of reasonable safety.   This duty, it is clear, was not discharged towards the plaintiff.   It is said that a signal would not have availed plaintiff; that his injury was caused by his foot slipping.   It seems to us very appar-

ent that if defendant had given timely warning the plaintiff would have had an opportunity to have availed himself of it, and secured a place of safety. He did not get on to the deadwood when the train was moving, but was on there, and attempting to get upon the car, when the train was moved, without, as the jury may well have found, affording him an opportunity to mount the car in safety.

VI. Affidavits were filed, upon the hearing of the motion for a new trial, alleging that one Novinger, a juror in the case, had stated, upon his examination for cause, that he knew nothing as to the facts of the case, and had had no conversation with any one about it, and had expressed no opinion on the merits of the case; that in fact said juror was a bailiff in said court upon the first trial of said cause, wherein the jury disagreed and were discharged, and that after they had been so discharged he expressed his opinion with reference to said cause and its merits, and conversed with some of the jurors who sat upon the second trial of the case, at which time there was also a disagreement; that to several persons and to jurors he expressed his opinion, prior to the time he was called as a juror in this case, and had formed an opinion, and expressed it, against defendant; that his mind was made up that defendant was liable, and that he criticised the conduct of the jurors who held to the contrary opinion on the other trials; that by reason thereof defendant has not had a fair trial; that defendant did not know any of these facts at the time of the examination of said juror in this case. Counter affidavits were filed, one being by the accused juror, in which he denies in substance all of the statements made against him. Whatever might be our judgment as to the truth of the matters set forth

in the affidavits filed by the defendant, we do not see how we can disturb this verdict, in view of the counter showing made.    It has often been held that we will not interfere with the finding of the lower court on a question of fact when the evidence is conflicting; and this rule is applicable to a showing and resistance made touching the misconduct of jurors. *Perry v. Cottingham*, 63 Iowa, 41, *Wightman v. Butler Co.*, 83 Iowa, 691.    Furthermore, it has been held that in order for defendant to take advantage of the fact that a juror had, in advance of the trial, expressed an opinion upon the merits of the case, it must appear of record that the juror was examined as to whether he had formed or expressed such an opinion or belief, and that a showing thereof by affidavit was not sufficient.    *State v. Shelledy*, 8 Iowa, 509.    It is true that this decision was made under the statute, as found in the Code of 1851, relating to the challenging of jurors in criminal cases.    But the statute now in force and applicable to civil causes is in phraseology substantially the same as that passed upon in the cited case. The fact is shown in this case only by affidavits.    Discovering no reason for disturbing the judgment below, and no reversible error, the judgment is *affirmed.*