TERESSA FENNER v. CRIPS BROS., W. S. CRIPS, S. P. CRIPS, MITCHELL GRAMMER, Appellants.

**Master and Servant:** WHEN RELATION EXISTS. F. engaged a carryall to convey certain persons to and from a picnic, and was to collect the fares, and pay them over to the owner. He directed the vehicle to be sent to a certain place, where "he would take charge of it, and go with them and gather the crowd up." The owner was to

send out later after them, There was nothing to indicate F. was to exercise any control over the driver. *Held*, that the driver was a servant of the owner, and not of F., and the owner was liable for injuries caused-by the driver's negligence.

**Defective Pleading:** WAIVER BY REQUESTING INSTRUCTIONS. Where defendant requested a charge that, "in order to find that the driver was negligent in his driving, the finding should be based on evidence, and not inferred from the accident—in other words, you cannot infer from the accident that the driver was negligent;" and that the burden was on plaintiff to show the accident resulted from the driver's negligence—this was a waiver of defect in the petition in failing to distinctly aver such negligence.

*Appeal from Wapello District Court.*—Hon. Robert Sloan, Judge.

Saturday, October 21, 1899.

Action for damages. Verdict and judgment for the plaintiff, and defendants appeal.—*Affirmed.*

*McElroy & Heindel* for appellants.

*Steck & Smith* for appellee.

Ladd, J.—It is sometimes difficult, because of the obscurity in the language employed, to determine precisely what issues are presented in the petition or raised by the answer. These only should be submitted to the jury. But, as the parties by amendment may introduce new isses or make certain those intended, their interpretation of the pleadings, when clearly manifested, is uniformly adopted by the courts. Thus, permitting the introduction of evidence on an issue not specificially pleaded, without objection, obviates the necessity of its formal presentation. This is put on the ground of waiver by some courts, and of that of consent or acquiscence by others. *Beach v. Wakefield,* 107 Iowa, 567; *Long v. Valleau,* 87 Iowa, 675; *Bowers v. Thomas,* 62 Wis., 480 (22 N. W. Rep. 710); *Erickson v. Fisher,* 51 Minn., 300 (53 N. W. Rep. 638); *Isaacson v. Railway Co.,* 27 Minn., 463 (8 N. W. Rep. 600). Often

the evidence is admissible on other issues clearly stated, and then nothing may be inferred from failure to make objection to its introduction. But acquiscence in the trial of a particular issue may quite as certainly appear from requesting an instruction under which it would be submitted to the determination of the jury. When au issue is clearly recognized by a party as being involved in the trial, and he not only makes no objection thereto, but affirmatively consents or requests that it be passed upon. he cannot be heard afterwards to complain of the court's action in doing what he desired. *Light v. Railway Co.,* 93 Iowa, 86; *Campbell v. Ormsby,* 65 Iowa, 519; *Smith v. Railroad Co.,* 38 Iowa, 173.

II. The petition plainly charged negligence on the part of Crips Bros. in furnishing an unsafe team and an incompetent driver, but these allegations were unsupported by the evidence, and the court instructed the jury that "the only question submitted to you is whether or not the driver of the team, Mitchell Grammer, was guilty of negligence in the rate of speed at which he was driving the team when the vehicle was upset and the plaintiff was injured, or whether or not he was guilty of negligence in driving and managing said team." The petition, among other things, alleged that Crips Bros. sent Mitchell Grammer, as driver, with a carryall, to bring the plaintiff and others home from a picnic; "he being careless and reckless, and totally unfit to drive the team of horses attached thereto, and that, while returning, the said team of horses, under manipulation of the driver, ran, and continued to run, being hitched to the wagon wherein plaintiff and her family were, at a high and unmanageable rate of speed, the said driver being incompetent to drive the same, until reaching a point on East Main street, * * * where the said wagon was with great force turned over upon plaintiff." We might have some difficulty in determining whether negligence on the part of the driver on which the instruction set out was based is averred, but we are relieved from

so doing because of the interpretation of the parties. In the tenth instruction asked by the defendants, the court was requested to charge the jury that, "in order to find that the driver, Grammer, was negligent in his driving, if you so find, this finding should be based on evidence, and should not be inferred from the accident; in other words, you cannot infer from the accident that the driver was negligent." They also requested, in the eleventh and fourteenth instructions, that the jury be told that the burden of proof was on the plaintiff to show that the accident was caused by the negligence of the driver. As the cause was tried on the theory that the petition averred the injury to have been occasioned by the negligence of the driver, as servant of Crips Bros., and as the defendants expressly acquiesced in the submission of that issue in the instructions asked, we adopt the interpretation of the parties without further inquiry.

III. Complaint is made of the assumption by the court in the instructions that the driver was the servant of Crips Bros. Undoubtedly Fenner, the husband of plaintiff, engaged the conveyance to carry members of the Turner Society who had no other means of going to the picnic grounds, and bring them back in the evening. The compensation was collected from the passengers by him, and paid to Crips Bros. But he acted for all, and there is nothing to indicate that he was to exercise any control over the driver. The fact that he directed the hack to be sent to Turner Hall, and said that "he would take charge of it there, and go with it and gather the crowd up," merely indicated that he would aid in gathering the load. No arrangement was made with reference to the return, except that Crips Bros. would send for those carried out at about 4 o'clock in the afternoon. Very evidently Fenner was given no control over the team or vehicle. That was retained by Crips Bros., and exercised through the driver. As their servant, he was acting within the scope of his employment,

and the defendants are liable for injuries resulting from any negligence on his part while so doing. *Erickson v. Barber,* 83 Iowa, 367. *Joslin v. Ice Co.,* 50 Mich., 516 (15 N. W. Rep. 887), is precisely in point. The record is free from error, and the judgment is AFFIRMED.