Isaac Shepherdson, appellant, v. George W. Clopine et al., appellees.

Filed March 20, 1909. No. 15,623.

1. Appeal: Misconduct of Parties: Review. During the progress of the trial, defendants requested the court to order the jury to view the *locus in quo,* and offered to pay the expense thereof. The order was not made at that time, but on the day following the court stated that if the offer was still open he would make

Shepherdson v. Clopine.

the order. Defendants replied that the offer was still good, and thereupon the order was made. The jury, in charge of a bailiff, drove to the premises in question, and at noon ate dinner at the home of one of the defendants, thus partaking of his bounty without charge or payment therefor. The trial was concluded on the following day and resulted in a verdict for the defendants. Plaintiff failed to interpose an objection or reserve an exception to the order, and, being aware of the fact that the jury ate dinner at the home of one of the defendants without his presence or the presence of his counsel, failed to call that matter to the attention of the court and arrest the progress of the trial. *Held*, That he could not, after verdict, complain of the order or avail himself of the misconduct of the defendants in providing dinner for the jury.

2. New Trial: MISCONDUCT OF JURY: OBJECTIONS. A new trial should not be granted for the misconduct of the jury where it affirmatively appears that such misconduct was known to the complaining party in time to have enabled him to call it to the attention of the court before the jury retired to consider their verdict.

APPEAL from the district court for Franklin county: ED L. ADAMS, JUDGE. *Affirmed*.

*A. H. Byrum* and *Morlan, Ritchie & Wolff,* for appellant.

*J. P. A. Black, Owsley Wilson* and *Dorsey & McGrew, contra.*

BARNES, J.

This was an action brought in the district court for Franklin county to recover damages alleged to have accrued to the plaintiff by the overflowing of his land, for which he claims the defendants were responsible. There was a verdict for the defendants and judgment thereon, and the plaintiff has appealed to this court.

But one assignment of error is presented for our consideration, and so the determination of this case rests upon the single question, which is: Should the plaintiff be granted a new trial for the misconduct of the defendants hereinafter set forth?

It appears that during the progress of the trial the defendants requested the court to order the jury to view the

*locus in quo,* and offered to pay the cost of such examination if the court would make the order. The order was not made at the time, but on the following day, and while the trial was still in progress, the court stated that if the offer was still open he would make the order for the jury to view the premises. Defendants stated that the offer was still good, and thereupon the order was made. The following day the jury, in charge of a bailiff, and accompanied by counsel on both sides, drove to the premises in question. At or about noon counsel for the defendants made inquiry about dinner and thereupon one of the defendants informed him that he had prepared dinner for the jury at his house. One of the jurors asked about dinner, and was informed that, "Dinner is on the table right now." Thereupon the jury, accompanied by the bailiff, ate dinner at the home of one of the defendants, thus partaking of his bounty without charge or payment therefor. The trial was concluded on the following day without objection by the plaintiff, and the jury returned a verdict for the defendants. It also appears that the attorney for the plaintiff, who was designated by the court to accompany the jury, was not invited to dinner by the defendants, but was compelled to go elsewhere for his meal, while the attorney for the defendants ate his dinner with the jury. So it appears that the jury spent the dinner hour at the home of one of the defendants and partook of his bounty without the presence of counsel for the plaintiff, and this alleged misconduct is assigned as error.

It is contended on the part of the defendants that the plaintiff was aware of what occurred at the time; that plaintiff's attorney was present when the jury were invited to partake of the meal, and knew of their acceptance of the invitation; that, having failed to interpose an objection and arrest the trial, the plaintiff cannot now avail himself of such misconduct. In considering this question we find that it is almost universally held that a new trial will not be awarded to the losing party for misconduct of the jury, where it is known to him, and he fails to call it to the

attention of the court immediately, but waits to speculate upon the verdict. We further find that for misconduct of the prevailing party the rule is somewhat different, and the authorities upon this question are divided. We are of opinion, however, that, when the order complained of was made, it was the duty of the defendants to direct the attention of the court to the danger of such a proceeding. Without doubt a mere suggestion at that time would have been sufficient to prevent the making of the order in that objectionable form, and the court would have provided by the order that the expenses attendant thereon should follow the judgment. We are therefore of opinion that the plaintiff by failing to interpose an objection to the order, and by reserving no exception thereto, cannot now question its validity.

It is suggested in the plaintiff's brief, and it was urged by counsel upon the oral argument, that he could not safely object to the order of the court because such an objection would tend to prejudice the jury against his client, and for the same reason he did not deem it prudent or proper to raise the objection at any time before the submission of the case and that the first time he could safely avail himself of such an objection was on his motion for a new trial. We are all agreed that this is not a sufficient excuse, that by failing to object to the order he tacitly, if not openly, agreed to it, and, if he failed at that time to avail himself of his right to an exception, it was a misfortune for which we can afford him no relief. A somewhat similar question was before the supreme court of Iowa in the case of *Hahn v. Miller,* 60 Ia. 96. In that case it appears that the defendant rode in a sleigh with the jury when they were taken to view the *locus in quo.* No objection was made at the time by the plaintiff, when he could have prevented the act, and it was held that such misconduct could not be urged on a motion for a new trial as a ground for disturbing the verdict.

As to the matter of the misconduct of the jury in going to the home of one of the defendants for dinner: It

appears that the trial proceeded for at least one day thereafter, and yet plaintiff failed to call that matter to the attention of the court, as he might have done, but again concluded to await the result of the trial, and to thus a second time speculate upon the verdict. It therefore seems clear that by his own conduct he has waived his right to complain of that transaction. We are all of opinion, however, that the making of the order complained of should be condemned, and yet, the plaintiff having failed to make timely objection to any of the proceedings of which he now complains, we cannot relieve him from the consequences of such failure.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.