O. O. CHENEY et al., Appellants, v. H. A. STEVENS et al., Appellees.

APPEAL AND ERROR: Motion for New Trial—''Verdict Contrary
1 to Law''. An objection, in a motion for a new trial, that the verdict is ''contrary to law'', no exceptions to the instructions having been at any time reserved, raises no question.

**APPEAL AND ERROR:** Motion for New Trial—Jury Disregarding
2  Issues.  If it be claimed that the jury disregarded the issues
submitted to it, proper exceptions or assignments of error should
be employed to call the court's attention thereto.  The objection
that the "verdict is contrary to law" presents no such question.

**APPEAL AND ERROR:** Motion for New Trial—Failure to Assign
3  Grounds—"Verdict Unsupported by Evidence."  The objection
that the verdict is not supported by the evidence cannot be pre-
sented for the first time in the Supreme Court.

**APPEAL AND ERROR:** Estoppel to Allege Error—Requesting In-
4  structions on Issues.  He who recognizes that issues are pending
before the jury, and requests instructions bearing thereon, will not
be permitted, when defeated, to claim that there was no evidence
before the jury to support such issues.

**TRIAL:** Verdict—Disregard of Instructions.  Verdict, in an action
5  for the possession of propetry, held perfectly consistent with
the instructions.

*Appeal from Floyd District Court.*—C. H. KELLEY, Judge.

SATURDAY, DECEMBER 18, 1915.

ACTION to recover possession of a certain lodge room, which, it is charged, is wrongfully withheld from the plaintiffs, contrary to the terms of a lease under which defendants entered and now claim right of possession.  There was a verdict and judgment for defendants, and plaintiffs appealed.— *Affirmed.*

*Eggert & Eggert,* for appellants.

*Frank Lingenfelter* and *H. L. Lockwood,* for appellees.

WEAVER, J.—Plaintiffs are the owners of the property in controversy, and leased the same to the defendants for use as a lodge room in the year 1909 for a period of twelve years, at the rate of $175 a year, payable quarterly in advance, except when the premises were untenantable.  There was also a provision authorizing the lessors, upon nonpayment of rent according to the agreement, to re-enter the premises, after giving a prescribed notice.  This action was begun in De-

cember, 1913, alleging a default in payment of rent due October 1, 1913, and service of notice cancelling the lease and demanding possession, which, it is averred, defendants refused to deliver, and judgment is asked· restoring such possession to plaintiffs. The answer admits the lease, denies any breach thereof, and alleges that the room had become untenantable without any fault on the part of defendants. It pleads, also, that, by a long course of dealing between the parties, plaintiffs had waived the strict terms of the lease as to time of payment of rent, and that defendants have tendered and offered to pay the same, in accordance with such custom and practice, which tender plaintiffs refuse. The issues were tried to a jury. At the close of the testimony, the plaintiffs prepared and submitted to the court six requests for instructions to the jury, all of which were refused, though the substance of some of them was embodied in the charge given on the court's own motion. The only showing of any exceptions to these rulings is the statement, "Instructions 1 to 6 asked by plaintiffs are refused, and plaintiffs except." No errors are assigned upon the refusal of the requests. No exceptions to the instructions given by the court were preserved or filed before the arguments were begun, as required by the present statute, nor were any exceptions thereto taken in any manner. Verdict having been returned for defendants, plaintiffs moved for new trial. The only grounds stated in the motion are: (1) That the verdict is contrary to law; and (2) that the verdict is contrary to the court's instructions Nos. 3, 4 and 5. The appellants' brief assigns but one error, and in these words: "The court erred in refusing plaintiffs a. new trial." There was no motion, at the close of the evidence, for a directed verdict in plaintiffs' favor, nor does the motion for a new trial assign as a ground thereof that the verdict is not supported by the evidence. As will be readily seen, such a record leaves very little for this court to do.

I. The objection that "the verdict is contrary to law" raises no question for our consideration. It was the duty of

the jury to pass upon the questions of fact submitted to it and, even though it reached an erroneous conclusion thereon, its finding was not contrary to law. If it be claimed by appellant that the jury went outside of the issues tried and undertook to decide matters of fact not contemplated or covered by the charge of the court, the exception thereto or assignment of error thereon should in some way call attention to the point relied upon. *Hamilton Buggy Co. v. Iowa Buggy Co.*, 88 Iowa 364, 368; *Casey v. Ballou*, 98 Iowa 107, 110.

1. APPEAL AND ERROR: motion for new trial: "verdict contrary to law."

2. APPEAL AND ERROR: motion for new trial: jury disregarding issues.

For reasons already stated, the objection that the verdict is not supported by the evidence is not available to the appellants. It is also unavailable for the further reason that appellant requested the court to give the jury various instructions, among which, the first, second and sixth requests are for instructions directing the jury upon the law bearing upon the issues of fact raised by both counts of the answer. This is tantamount to an admission in court that there is evidence for the jury upon both issues, and it is well settled that a party making such requests cannot thereafter insist that the record presents no jury question, and this is especially so where the court either gives the instructions asked or, as here, embodies the substance thereof in its charge. *Hahn v. Miller*, 60 Iowa 96; *Light v. Chicago, M. & St. P. R. Co.*, 93 Iowa 83; *Fenner v. Crips*, 109 Iowa 455.

3. APPEAL AND ERROR: motion for new trial: failure to assign grounds: "verdict unsupported by evidence."

4. APPEAL AND ERROR: estoppel to allege error: requesting instructions on issues.

II. The second ground of the motion for new trial is equally vague and indefinite—"that the verdict is contrary to the third, fourth and fifth paragraphs of the court's charge." Turning to these paragraphs, we find that the third submits to the jury the question whether, by the course of dealing between the parties, in which defendants had paid and plaintiffs had accepted instalments of rent from time to time, long after they

5. TRIAL: verdict: disregard of instructions.

became due, plaintiffs had waived the right to forfeit the lease promptly upon the falling due of the particular instalment payable October 1, 1913; the fourth paragraph is to the effect that the premises could not be considered untenantable so long as they were reasonably suited to the purposes for which they were leased; and the fifth paragraph instructs that, if the jury find that the plaintiffs had waived the right to forfeit the lease promptly upon the falling due of an instalment, plaintiffs could not thereafter resume and insist upon the strict terms of the lease in this respect, without giving defendants notice of their intention to do so. The verdict of the jury is in no manner inconsistent with these instructions or any of them. In the absence of any exceptions to the instructions, we must assume that they were properly given, or, at least, that they were satisfactory to both parties.

The action was at law and the issues were triable to a jury. A trial has been had, a verdict returned, and judgment entered. The record before us discloses no error which would justify us in remanding the cause for new trial. The judgment of the district court is—*Affirmed.*

DEEMER, C. J., EVANS and PRESTON, JJ., concur.