AGNES M. McDERMOTT, Administratrix, Appellee, v. IDA COUNTY, Appellant.

APPEAL AND ERROR: Reservation of Grounds—Evidence Admitted
1 without Objection. Testimony admitted without objection cannot be complained of on appeal.

APPEAL AND ERROR: Errors Waived in Appellate Court—Estop-
2 pel by Requesting Instructions. An error in overruling a motion to direct a verdict is waived by the requesting of instructions, and by asking the submission of special interrogatories recognizing a jury question, after the overruling of the motion.

BRIDGES: County Bridges—Instructions—Temporary Repairs. An
3 instruction that, if the jury found that repairs on a bridge were temporary, and likely to give way, or were being removed, so as to leave the bridge in an unsafe condition, and that, if the board of supervisors of defendant county knew, or, in the exercise of ordinary care, should have known, of the character of such repairs, then it was the duty of the board to use diligence, acting as reasonably careful, prudent persons, to see that such repairs remained in position, *held* not to have been error; and where, under the undisputed evidence, the repairs were temporary ones, the error in submitting to the jury the question as to whether the repairs were temporary ones was in favor of the appellant.

**TRIAL:** Requested Instructions—Inapplicability to Evidence—Testimony Unobjected to. An offered instruction was properly refused which required the jury to give no effect to a statement made by a witness which was in the record without objection.

**TRIAL:** Requested Instructions—Matters Otherwise Covered. Refusal of requested instructions was without error, where covered by court's instructions, to which no exceptions were taken.

**NEGLIGENCE:** Contributory Negligence—Doubt as to Safety of Bridge. Doubt in the mind of the decedent whether a bridge would carry the load he was attempting to take across was but one factor bearing on his contributory negligence, the ultimate question being whether, including that doubt, he acted as an ordinarily careful and prudent person in attempting to cross.

**TRIAL:** Instructions—Form and Language in General—Measure of Damages. An instruction charging that the jury should not estimate the loss to decedent's estate on a basis of accumulations at the time of his death covered more than the request of the defendant that the jury should not take into consideration accumulations, as shown by the evidence, on account of mere increase in the value of decedent's farm, aside from improvements placed thereon by him.

**APPEAL AND ERROR:** Reservation of Grounds—Insufficient Assignment in Motion for New Trial. A motion for a new trial, asserting that the evidence was against the weight of and not supported by the evidence, does not raise the question whether the verdict was excessive, and it is insufficient to preserve for review in the Supreme Court error in the amount of recovery.

**APPEAL AND ERROR:** Parties Entitled to Allege Error—Estoppel by Consenting to Submission of Case. Where the appellant, in effect, consents to the submission of a case to the jury, it is untenable for him to object that there is no substantial evidence to sustain the verdict, or that decedent's death was caused by contributory negligence.

**APPEAL AND ERROR:** Assignments of Error—Indefinite Assignment. An assignment of error that the motion for a new trial should have been sustained because the verdict was against the weight of the evidence and contrary to the instructions of the court, and for "other reasons shown by said motion, as shown by copy of the same on pages 106-113 of the abstract," is too indefinite to entitle to appellate review.

*Appeal from Sac District Court.*—M. E. Hutchison, Judge.

April 14, 1919.

Rehearing Denied July 2, 1919.

Plaintiff charges defendant was negligent in the maintenance of a bridge, and that thereby her intestate came to his death. She has verdict and judgment, and defendant appeals.—*Affirmed.*

*Charles S. Macomber* and *Raymond Murphy,* for appellant.

*M. M. White, W. A. Helsell,* and *Malcolm Currie,* for appellee.

Salinger, J.—I. On September 5, 1914, the appellee's intestate came to his death while attempting to cross a bridge maintained by defendant county, with a threshing outfit. To the charge in petition that the bridge was, at this time, in unsafe condition, the answer interposes a general denial. But it is practically without dispute that the bridge was in bad condition and in a negligent state of repair, as early as June preceding, and the real claim of defendant is that it was put into safe condition by some repairs made in June. We think the errors relied upon for reversal may be disposed of without making a full statement of the facts.

II. One Ferguson was, at one time, a member of the defendant's board of supervisors. Witness Brown was permitted to testify that Ferguson had declared to him, in effect, that he (Ferguson) knew this bridge was unsafe. Complaint is made of the reception of this testimony. It seems to have been received without objection, and therefore may not be complained of now.

1. Appeal and error: reservation of grounds: evidence admitted without objection.

III. In essence, there were but two fact questions:

First, whether the county made sufficient repair of the bridge in the spring of 1914; second, whether plaintiff's intestate exercised ordinary care and prudence in attempting to cross when and as he did. Appellant contends a verdict should have been directed for it. The avoidance is that, if it be assumed the motion for such verdict was well made, error in overruling it is waived because defendant, after the motion was overruled, asked instructions and special interrogatories which recognized there was a jury question as to all of said matters. It remains to determine whether this avoidance is tenable. We find, from an examination of the record, that defendant asked, and the court submitted, two special interrogatories, directed to said two fact questions; that Instruction 3, requested by defendant, recognizes it to be a question of fact whether decedent knew of the defect in the bridge; and that Instruction 9, offered, asked a charge that it was for the jury to determine whether decedent should have discovered the unsafe condition of the bridge. Moreover, the court gave a large number of instructions on its own motion; and all of them, except stock instructions, declare that the whole controversy is a question of fact. And appellant took no exceptions to any of these instructions, except to a part of Instruction No. 20. That exception itself practically recognizes that the controversy is, in its general aspects, one for the jury. We said, in *Cheney v. Stevens,* 173 Iowa 288, that a request for instruction on particular issues is virtually an admission that there was sufficient evidence to warrant the submission of such issues, precluding contentions otherwise.

We are of opinion the avoidance is good, and that, therefore, it was not reversible error to deny the motion of the defendant for an instructed verdict.

*2. Appeal and Error: errors waived in appellate court: estoppel by requesting instruction*

IV.   In Instruction 20, the court charged that, if the jury find "that such repairs, according to the method of their construction, were temporary, and likely to give way or be removed, and leave the bridge in an unsafe condition, and that the board of supervisors so knew, or, in the exercise of ordinary care, should have known of such character of such repairs, then it was the duty of the board to use diligence, acting as reasonably careful prudent persons, to see that such repairs remained in position."   This was excepted to, first, "because said portion of said instruction places the burden upon the county of seeing that the repairs which it made on said bridge remained in position."   The part of the charge to which this exception is directed does not make it the absolute duty of the board to see that the repairs remain in condition, but that such was its duty if the repairs were of a character which, "according to the method of their construction, were temporary, and likely to give way, or be removed, and leave the place in an unsafe condition, and that the board so knew, or, in the exercise of ordinary care, should have known of such character of such repairs." The thought of the exception seems to be that the trial court made it the duty of the county to see that *any* repairs of any kind which it made on said bridge remained in position. What was, in fact, done, was to place that burden upon the defendant as to such repairs as the instruction describes; and as to that character of repairs, it was not error to charge as was done.

3. Bridges: county bridges: instructions: temporary repairs.

4-a

The further exception to Instruction 20 is that it submits to the jury whether the repairs that were made were temporary ones, and it is complained that such charge is not warranted, under any evidence in the case.   We think that, in a sense, this is true.   Everything indicates that

the repairs were, in fact, temporary. At the time in question, contract had already been made to put a new concrete bridge in the place of this bridge; and it would seem to be obvious that repairs made in those circumstances were temporary, merely. Now, defendant had a burden, if the repairs were temporary ones. As said, the evidence proves that the repairs were of temporary character. Leaving the jury at liberty to find that defendant did not have the burden that making temporary repairs would impose, errs in favor of the appellant. It made it possible for it to be benefited by a finding that the repairs were not temporary, when plaintiff might well claim that it was established they were. If the verdict had gone against plaintiff, she might well complain of submitting to the jury whether defendant was under burden created by making temporary repairs, when it was shown it was under such burden. But the converse cannot be maintained. In effect, the appellant complains that the jury was left free to find whether a certain fact bearing against defendant was established, when it was without dispute that such fact existed.

V. It may be conceded that Instruction No. 1, offered and refused, stated a correct proposition of law, not included in any instruction given by the court. The offered instruction required the jury to give no effect to the statement made by Ferguson as to the condition of the bridge. Since that statement is in the record without objection, defendant was not entitled to have that testimony instructed out of the case.

4. TRIAL: requested instructions: inapplicability to evidence: testimony unobjected to.

VI. Assume offered Instruction 3 does state an absolutely correct rule of law: we find that the court correctly covered the same subject in Instructions 6, 10, and

11, and probably in others. The appellant took no exception to these instructions.

5. TRIAL: request-
ed instructions:
matters
otherwise
covered.

VII. Instruction 9, offered, asked the court to charge that, if it was a question in the mind of the decedent whether the bridge would carry the load he was attempting to take across it, it should find for the defendant. Obviously, this is not the law. Such doubt in the mind of McDermott was but

6. NEGLIGENCE:
contributory
negligence:
doubt as to
safety of bridge.

one factor bearing on the ultimate question of the presence or absence of contributory negligence. It would have been error to charge that the entertaining of such doubt made contributory negligence, as matter of law. The ultimate question was whether, including that doubt, decedent acted as an ordinarily careful and prudent person, in attempting to cross. Moreover, the duty of decedent, while attempting to cross, was fully and fairly covered in several instructions, to which appellant took no exception.

VIII. It was shown that McDermott died seized of some land, what its reasonable market value was, and that this land had materially increased in value while held by McDermott. The defendant asked the court

7. TRIAL: in-
structions:
and language
form in gen-
eral: measure
of damages.

to charge the jury should not consider what McDermott "may have accumulated, as shown by the evidence, on account of the mere increase of the value of his farm, aside from improvements shown to have been placed thereon by him." Instruction 21, given, not only says this much, but does more for defendant than it asked. In that instruction, it was charged the jury should not "estimate the loss to the estate of decedent on a basis of his accumulations at the time of his death." Thereby, the instruction given not merely eliminated increase in value of land,—all that appellant asked to be done,—but directed the jury not

to make *any* accumulation a factor in their calculation. There is no reversible error in refusing this instruction.

IX. It is urged the verdict is excessive. It will be conceded that such complaint must first be made below. The motion for new trial merely asserts that the verdict was against the weight of and not supported by the evidence. Such complaint does not raise that the verdict is excessive. We have so held in *Reynolds v. Iowa & Neb. Ins. Co.*, 80 Iowa 563, and in *Seevers v. Cleveland Coal Co.*, 179 Iowa 235. In *Hjorth Oil Co. v. Curtis*, 25 Wyo. 1 (163 Pac. 362, 363), the court said that grounds of the motion for new trial that the findings are not sustained by sufficient evidence, that they are contrary to law, and that the evidence was and is insufficient in law to warrant any finding or judgment for plaintiff or against defendant, are insufficient to present for review the question of error in amount of recovery.

8. Appeal and error: reservation of grounds: insufficient assignment in motion for new trial.

X. The next assignment is an omnibus claim that the court erred in overruling the motion for new trial because there was substantial evidence to support the verdict. If, as we have already held, the appellant, in effect, consented to a submission of the case to the jury, such an assignment is not tenable.

9. Appeal and error: parties entitled to allege error: estoppel by consenting to submission of case.

So of a claim that the motion for new trial should have been sustained because it appeared from the evidence that the negligence of defendant was the proximate cause of his death. That question, too, went to the jury by consent.

It is presented that the motion for new trial should have been sustained because the verdict was against the weight of the evidence and contrary to the instructions of

**10. Appeal and Error: assignments of error: indefinite assignments.**

the court, "and for other reasons shown by said motion, as shown by copy of the same on pages 106 to 113 of the abstract." This is too indefinite to entitle to appellate review. Moreover, in a loose way, the assignment involves the claim that the case should not have gone to the jury. Of this claim we have sufficiently spoken. In our opinion, there should be an affirmance.—*Affirmed.*

Ladd, C. J., Evans and Preston, JJ., concur.