P. H. FISHER, Appellee, v. SKIDMORE LAND COMPANY, Appellant.

TRIAL: Objections to Conclusion Statements. Objections to statements in an affidavit for continuance (admitted in order to avoid a continuance), on the ground that the same were mere conclusions, reviewed, and *held* that the court had, by its ruling, eliminated all prejudicial matters.

BROKERS: Reasons for Rejection of Bid. In an action for commission, evidence by the proposed purchaser, tending to show that the owner of the property rejected his bid (which the owner had once authorized), solely on the ground that the owner had discovered that he could secure a higher price, is competent, relevant, and material.

TRIAL: Sufficiency of Objection. The dragnet objection that testimony is "irrelevant, incompetent, and immaterial" is too indefinite to present a reviewable question on appeal, unless, from the nature and condition of the subject-matter in hand, the attention of the court is fairly called to some specific objection of an obvious or discernible nature. So held as to such objection to testimony tending to show (1) the reason why an owner of land had rejected an authorized bid for his land, and (2) that the proposed purchaser was able to meet and had met the requirements of the contract.

TRIAL: Nonresponsive Answer. The nonexaminer of a witness may not interpose the objection that the answers are not responsive to the questions.

EVIDENCE: Allowable Conclusion. The testimony of a witness that he is "ready, willing, and *able*" to pay a named sum for a thing in accordance with his contract, is an allowable conclusion, in so far as it does partake of the nature of a conclusion.

TRIAL: Conflicting Instructions. An instruction is not conflicting which, in one part, declares that a broker suing for commis-

sion may not recover if he produced a purchaser who was unable to make a required deposit, and in another part, declares that he may recover if the owner declared that the proposed purchaser· was acceptable, irrespective of his inability to make the deposit, but was not acceptable because he would not raise the bid on which the broker had been authorized to sell.

**APPEAL AND ERROR:** Insufficient Assignment. The point *"that the verdict is not supported by the evidence"* · is not raised by an assignment "that the court erred in overruling motion for new trial" based on multifarious grounds, even though one of the grounds presents the insufficiency of the evidence.

**BROKERS:** Waiver of Terms of Sale. A broker who contracts to produce a purchaser who will (1) make a named deposit and (2) pay a named price, is entitled to recover his commission when he produces a purchaser who is ready, able, and willing to pay the price, but is unable to make the deposit, and the owner, in effect, *agrees to omit the deposit*, but refuses to sell, solely on the ground that he must have a higher price.

**PLEADING:** Evidence Beyond Paper Issue—Waiver. A litigant may not sit by without objection, and permit his adversary to prove a waiver, and thereafter contend that the evidence went beyond the paper issue.

*Appeal from Jefferson District Court.*—C. W. VERMILION, Judge.

OCTOBER 2, 1920. ·

THE plaintiff has verdict and judgment for a land broker's commission, and this appeal presents various objections thereto.—*Affirmed.*

*Ralph Munro,* for appellant.

*Thoma & Thoma,* for appellee.

SALINGER, J.—I. Applying settled rules of practice in this court, we consider this appeal on the points relied on for reversal, as amplified by the brief points. We have so

often held that review must thus be limited
1. TRIAL: ob-
jections to
conclusion
statements. that we pretermit citations.

II.   One claim by plaintiff was that the
vice-president of the defendant had con-
sented to a contract of sale made with one Kerr, although
this contract involved some departure from the terms fixed
by defendant in employing the plaintiff to sell or find a
buyer for the land.

There was much controversy, and there were many
objections to that part of an affidavit for continuance which
recited what an absent witness would testify to, if present.
But we think that, in admitting what this witness would
testify to, if present, counsel set forth what defendant con-
sidered to be the principal and substantial objections to
the recitals in the affidavit.   The recitals "particularly
objected to" were the following:

a.   "That all the plaintiff had done in securing Kerr's
signature to the contract, and depositing by him of checks
of $1,000 down payment, was done at the request of Riehle,
as vice-president of the Skidmore Land Company."

b.   That this "contract had been secured by plaintiff
from George W. Kerr at the request of defendant."

c.   A recital that Riehle said "all the plaintiff had done
in securing Kerr's signature to the contract and depositing
by him of $1,000 down payment was done at the request
of himself as vice-president of the defendant company."

The objection to these recitals was, in substance, that
each and all were conclusions, rather than statements of
fact, and, at any rate, if any part was a statement of fact,
and if it purported to give what was said by Riehle, rather
than a deduction of the witness as to what he said, such
statements of fact were so mingled with conclusions as to
make it impossible to distinguish what was conclusion and
what was statement of fact.

But, by sustaining some of the objections made, the
court eliminated so much of the recitals in the affidavit as
stated that the contract had been secured by plaintiff from

George W. Kerr, at the request of defendant. We are of opinion that this ruling in effect excluded all that was objected to. While it is true the recitals speak of consent to, say, the obtaining the signature of Kerr to the contract, and of consent to deposits made, or request that they be made, the vitals of it all was the statement that the contract entered into was one requested by defendant. This last eliminated, nothing seriously objectionable remains. It took out of the testimony all claim that defendant was in no position to object to the contract because it had been obtained at its request. We therefore dismiss this assignment on the ground that the thing complained of therein was not done.

III. It was the theory of the plaintiff that the defendant refused to complete the transaction because it discovered it could obtain a higher price than the one at which it had authorized the sale on which the commission is claimed. The buyer Kerr testified that, when he was asked to raise his bid, he said:

2. BROKERS: reasons for rejection of bid.

"Nothing doing with me; I thought I had bought it; I thought I had bought the farm, but I didn't get it."

He was then asked whether Riehle made any objection to the contract with Kerr, or to any of the terms of the contract, except as to the price. At this point, defendant made objection that this was immaterial, incompetent, and irrelevant. The objection was overruled, under exception, and the witness answered that Riehle—

"Made no objection to nothing, only he wanted more money. I don't believe—the way I remember—I don't think we discussed this contract when he was in the office,—I don't remember. About the only thing Mr. Riehle said to me about this farm was, 'If you buy this farm, you will have to pay more money,' and he said he could get more money for the farm,—he had found that out; and if I got it, I would have to raise the bid. That is the amount of it."

We hold that, in its general aspect, this testimony, or anything legitimately called for by the question, was neither

immaterial, incompetent, or irrelevant, and that, as to this matter, this objection is too broad, and lacks too much in definiteness for appellate review.  See *International Harv. Co. v. Chicago, M. & St. P. R. Co.*, 186 Iowa 86.

We hold likewise as to the following examination of Kerr, to which it was objected that the same was irrelevant and incompetent:

3. TRIAL: sufficiency of objection.

"Q.    State whether or not you had deposited in the First National Bank a sufficient sum of money to honor that check of $500 drawn on the First National Bank. Exhibit No. D-1, when that check should have been presented to that bank, properly indorsed.    A.    Yes, sir. Q.    State whether or not you had a sufficient sum of money deposited in the Birmingham Savings Bank so that Exhibit D-2 would have been honored when presented to them, properly indorsed.    A.    Yes, sir."

And so as to the following examination, to which the objection was that the same was immaterial and incompetent:

"Q.    Mr. Kerr, say whether, at the time of the signing of the contract Exhibit P-7, and up until after you had this talk with Mr. Riehle, here in Fairfield, you were able and willing to get the money and make a deposit, if any objections were made to your checks.    A.    I had the money in the banks, not only to pay these checks, but to pay the full $5,000."

One answer was:  "I was willing and able to do that." As to this answer, there was a motion which urged the additional ground that the answer was not responsive.  As

4. TRIAL: non-responsive answer.

to this, we have to say that this objection does not lie in the mouth of the one who is not examining the witness.

IV.    The witness Kerr was asked whether or not he had informed Riehle, at the stated time, that he, the witness, was ready, able, and willing to buy the farm in question

5. EVIDENCE: allowable conclusion.

for $42,000 cash.    This was objected to because it calls for a conclusion and is immaterial, incompetent, and irrelevant.    The

objection was overruled, under due exception. We shall recur to what is involved in this objection. As to the objection, it suffices to say that, if there was any error in overruling it, the error was cured, because the witness limited his answer to saying: "I told Mr. Riehle that is what I came up here for, to close up the deal for that farm at $42,000." Assuming it to be objectionable to ask a witness whether, at a stated time, he was, in fact, ready, able, and willing to buy a farm for $42,000 cash, it is not objectionable to show that he came to see the seller for the purpose of closing up a deal for a farm at $42,000. If that be a conclusion, it is one permitted of necessity, and sanctioned by elementary law. Disregarding, for the moment, the rule laid down in *International Harv. Co. v. Chicago, M. & St. P. R. Co.*, 186 Iowa 86, and assuming that these objections of immateriality, incompetency, and irrelevancy are not too broad to obtain appellate review, it would seem clear that so much as the witness said is neither immaterial, incompetent, nor irrelevant.

But, in response to apt inquiry, this witness did testify that he had at all times relevant here been ready, able, and willing to buy this farm at $42,000 cash. It should be noted that, in course of the examination on this point, there were times when the witness gave no conclusion, but stated the fact that he had arranged his affairs so that he could pay the money required. But passing that, and with it the argument that, if the inquiry was erroneous, answer made cured the error, we reach the question squarely whether it is either immaterial, irrelevant, or incompetent, in a case such as this, to receive such testimony, and whether such testimony, if a conclusion, is an objectionable conclusion. Clearly, in a suit for a commission instituted by a land broker, it is neither immaterial, irrelevant, or incompetent for the buyer to testify that he was ready, able, and willing to buy on the terms fixed by the seller. It is both material, relevant, and competent, because such readiness, ability, and willingness is a necessary

element in the plaintiff's proof. The sole question, then, is whether the form of eliciting this testimony was objectionable. It is said that it states a conclusion, rather than a fact. In a sense, that is so. But, so far as being ready and willing is concerned, the testimony discloses a state of mind and the intentions of the buyer. It needs no citation to sustain the proposition that, whenever proposed testimony goes to state of mind or intention, such state of mind and intention may be stated directly, and that any conclusion involved in such statement is a permissible conclusion, and permissible of necessity. *Thomas v. Wyckoff,* 187 Iowa 148. A closer question arises on whether the witness may say, in answer to a direct question, whether he was able to perform. If the interrogation may not proceed in this manner, then, of necessity, the witness must state, in the first instance, what property or means of credit he had at a given time; and, in a sense, such a statement as that generally involves much of opinion and conclusion. On the whole, we conclude that a categorical statement that the buyer was able to perform, should not be dealt with by an attempt to exclude the statement, but by cross-examination. We therefore hold no reversible error was committed in permitting the witness to say, not only that he was ready and willing, but was able to perform.

V. Instruction 5 is excepted to because the two paragraphs thereof are in conflict with each other. We find the first part of the instruction to charge that, if all there is, is the bringing of a buyer who was unwilling or unable to make the very deposit exacted by the contract, then plaintiff had not found a purchaser, in such sense as to entitle the plaintiff to a recovery.

6. TRIAL: conflicting instructions.

The second part charges that, while this is so, yet, if the jury found from the evidence that, when the seller finally acted, he declared that the buyer was acceptable, without reference to deposit made, and refused to go on purely because a greater price would not be acceded to by the buyer, then the agent had found a satisfactory buyer,

and could recover, notwithstanding the fact that the deposit required by the contract had not been made. Whatever objection this instruction may be vulnerable to, it is not that parts of it conflict with each other. They are, in a sense, alternative propositions. They amount to a ruling that, if an agent is, in the first instance, entitled to no recovery unless he finds a buyer who is willing and able to make a certain deposit, he cannot be defeated of a recovery for commission if, when a purchaser is produced, he is declared acceptable, though he has not made the required deposit, and the owner refuses to deal merely because the buyer will not raise the price beyond the one stipulated in the agent's authority. In the last analysis, it is a charge that, while the agent must produce a buyer who is ready, willing, and able to deal on the terms proposed by the owner, the agent may recover a commission, if the buyer is acceptable without compliance with the deposit requirement, and the refusal to deal is not based on that failure, but on the fact that the buyer has refused to accede to new terms and benefits demanded by the owner which are not found in the contract of agency.

VI. A motion to direct verdict was made at the close of the testimony for the plaintiff. It was, however, not renewed at the close of all the evidence. Under oft-repeated decisions of this court, that disposes of the complaint lodged against the overruling of this motion. But, under those same decisions, there is left the right to urge that, while refusal to direct verdict may not be complained of, yet the verdict returned is not sufficiently supported by the evidence.

7. APPEAL AND ERROR: insufficient assignment.

One way that this question is raised, is by an allegation that "the court erred in overruling defendant's motion for a new trial, as set forth on pages 90 to 94 of the abstract," and that "the court erred in entering judgment on the verdict of the jury, as set forth on page 94 of the abstract." Both complaints are clearly too broad, un-

certain, and indefinite to serve as a basis for appellate review. The motion for new trial, to which reference is made, does allege that the verdict is not sustained by sufficient evidence, and is contrary to law and to the instructions. These complaints of the verdict constitute the first, second, and third grounds of the motion. The same motion complains that an affidavit was permitted to be read in evidence; it complains of the giving of certain instructions; it asserts that the pleadings do not state facts sufficient to constitute a cause of action, "under the undisputed facts proven in the case;" and it sets forth an exception to the giving of the second paragraph of Instruction 5. The assignment complains of the overruling of the motion for new trial in its entirety. It is not a good assignment, unless every ground of the motion was well taken. It is not seriously contended that this is true. It follows that the claim the court erred *in toto* in overruling the motion for new trial will not enable us to review the sufficiency of the evidence, nor to pass upon whether the verdict is contrary thereto, and contrary to the charge. We think this conclusion is squarely supported by *Wells v. Chamberlain*, 185 Iowa 264, and by *Shilling v. Sioux City G. & E. Co.*, 184 Iowa 1153, wherein we said:

"One brief point is that the court erred in overruling appellant's motion for new trial, because of the various assignments 'heretofore made herein, which were urged as grounds for a new trial.' The motion for new trial has 40 grounds. The assignment is too general for appellate review."

Surely, this is as definite as the assignment at bar. And other complaints as definite have been held too indefinite to obtain appellate review. Such were that the court erred in overruling motion for new trial, and that a new trial should have been granted, "under the record in the evidence in this case." *State v. Strum*, 184 Iowa 1165. Another was that it was error to overrule motion to direct, and a motion in arrest of judgment, and to overrule the exceptions, for each and all of the reasons stated in such

exceptions. *State v. Wilcox,* 185 Iowa 90. Still another was an assertion that the motion for new trial should have been sustained because the verdict was against the weight of the evidence and contrary to the instructions of the court, and "for other reasons shown by said motion, as shown by copy of the same on pages 106 to 113 of the abstract." *McDermott v. Ida County,* 186 Iowa 736.

VII. But the question remains whether the state of the evidence was not complained of in some manner that is sufficient to invoke appellate review. It will be remembered that the plaintiff made contract with the purchaser on terms that differed from the ones fixed by the seller. These terms demanded that the purchaser should make a cash deposit of $5,000, and no deposit in that amount was made. There was testimony from which the jury might believe that, after the defendant knew there had been failure to make such deposit, it still expressed itself satisfied with the contract made. The court instructed, in the first part of Instruction 5, that, if it was found that no deposit had been made, in conformity with the authority given the agent, he could not claim anything on account of procuring a purchaser; and further charged, in the second paragraph, that, if the jury found that, when contract was tendered the defendant, it was satisfactory to it, though no cash deposit had been made, and that the refusal to enter into contract and to sell was due, not to a failure to make the deposit, but to the fact that a greater price than the one at which the agent was authorized to sell was being demanded by the buyer, then the jury was warranted in finding that the plaintiff had produced a purchaser ready, willing, and able to buy, on terms satisfactory to the defendant, and, therefore, that plaintiff was entitled to recover.

The sufficiency of the evidence to sustain the verdict is challenged by an exception to this instruction. The exception asserts that the instruction "authorized the jury to find a verdict in favor of the plaintiff, on the theory that defendant might have waived the required deposit of

$5,000 cash, and the requirement of a cash deposit in any sum." It is said that this was erroneous because "no waiver was in any wise pleaded, and no evidence was competent to prove any waiver under the pleadings, and there was no competent or sufficient evidence from which the jury could have found that the defendant was willing to accept the terms provided by the writing presented to defendant by plaintiff, identified as Exhibit No. 7, unless a higher price should be provided for or paid by the proposed purchaser for the land in question."

The ultimate question was whether the plaintiff had produced a purchaser satisfactory to the buyer. If such a purchaser was found, it became utterly immaterial what terms had been fixed in the original agency

8. BROKERS: waiver of terms of sale.

contract. To be sure, the seller could refuse to accept a buyer who did not meet the terms of that authority. The contract of agency defined, in the first instance, what would constitute a buyer satisfactory to the seller. But, though the agent was directed to find a buyer who would make a preliminary cash deposit of $5,000, and though, as matter of law, a purchaser who made such deposit would be held to be satisfactory to the landowner, it does not follow that one who was unwilling or unable to make such a deposit might not be a satisfactory purchaser. If the seller was willing to accept as a buyer one who failed or refused to make such a deposit, he cannot be heard to say to the agent that no satisfactory buyer had been found because such buyer would not do what the seller had demanded at an earlier time. The moment the owner declared that the produced buyer need not make the stipulated cash deposit which had been demanded of any buyer produced by the agent, he could no longer say that no satisfactory purchaser had been found; could no longer say that, though he, the owner, was now willing to forego the cash deposit, the agent should have no commission because, at an earlier time, the owner was unwilling to do without such a deposit. No waiver nor an estoppel are involved. All there is, is

the question of fact whether the terms finally offered by the produced buyer were then satisfactory to the seller. If they were, the agent cannot be defeated because, at an earlier time, the seller thought a buyer unsatisfactory whom, on reflection, he concluded to be acceptable.

7-a

As to the complaint that there was no competent or sufficient evidence to authorize a finding by the jury that defendant was willing to accept only if a higher price were paid, we have to say that, in the absence of objection, there was an abundance of competent testimony upon which the jury could find that everything was satisfactory to the seller except a refusal to change the original price fixed.

VIII. The claim that waiver is involved includes a claim that no waiver was competently established. On this point, it is the theory of appellant that, where waiver is involved, the fact that it is not pleaded makes it impossible to competently establish a waiver. It is quite possible to establish a waiver though it should have been pleaded and was not. In other words, the requirement that waiver be affirmatively pleaded may be waived. Assuming, for the sake of argument, that waiver is involved, and with the foregoing propositions in mind, we inquire whether it can be maintained that there was "no evidence competent to prove any waiver; and no competent or sufficient evidence from which the jury could have found that defendant was willing to accept the terms obtained as to deposits, provided only that a higher price be paid by the proposed purchaser." We find that the testimony bearing on waiver, if waiver be involved, was received without objection. We hold a party may not sit by while evidence which, on his construction, tends to establish waiver is being put in, make no objection, and thereafter successfully urge, in motion for new trial, that the verdict should not stand, because, though the testimony was received without objection, it went beyond the paper issue. See *Benson & Marxer v. Brown*, 190 Iowa——.

9. PLEADING: evidence beyond paper issue: waiver.

We find no reversible error; wherefore, the judgment is—*Affirmed.*

WEAVER, C. J., EVANS and PRESTON, JJ., concur.